## CAIN *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Outhouse where people resort defined.*—The fact that the defendant, with two or three other persons, once went to an outhouse for the purpose of playing cards, and there engaged in a game, does not constitute such house "an outhouse where people resort," within the prohibition of the statute against gaming.

FROM the Circuit Court of Blount.
Tried before the Hon. S. D. HALE.

Cain v. The State.

"ON the trial of this case," as the bill of exceptions states, "the State proved, that the defendant, with two or three other persons, on one occasion within twelve months before the finding of the indictment, played cards in an outhouse in Brooksville in said county, in a room of which the door was fastened, and where the parties could not be seen from without; and that said parties went to said room, at that particular time, for the purpose of playing cards. There was no proof that these parties, or any other parties, had ever been to that house for the purpose of playing cards, or for any other purpose.

"This was all the proof; and thereupon the court charged the jury, that if they were satisfied from the evidence that the defendant, with two or three other persons, went to an outhouse in said county for the purpose of playing cards, and did play therein, within twelve months before the finding of the indictment, he was guilty, whether he or any other person had ever been there at any other time, for the purpose of playing cards, or for any other purpose; to which charge the defendant excepted."

THOS. M. PETERS, for the defendant.

M. A. BALDWIN, Attorney-General, contra.

RICE, C. J.—Under the proof in this case, as set out in the bill of exceptions, the house in which the playing took place is not an "outhouse where people resort," within the meaning of section 3243 of the Code. The evidence did not authorize a conviction of the defendant, and the charge of the court was erroneous.

The judgment is reversed, and the cause remanded.