# Downey *v.* The State.

### Indictment for Gaming.

1. *"Out-house where people resort."*—A conviction may be had for playing cards at an "out-house where people resort" (Code, § 4052), on proof that persons resorted to it occasionally, or more than once, for the purpose of playing cards; and it is not necessary to show that they resorted to it "frequently or habitually" for that purpose.

From the Circuit Court of Jackson.

Tried before the Hon. John B. Tally.

The indictment in this case charged, in the general words of the statute, that the defendant played at a game with cards, at a public house, public place, &c., "or at an out-house where people resort." The defendant pleaded not guilty, without objection to the indictment, and issue was joined on that plea. On the trial, as the bill of exceptions states, a witness for the prosecution testified, that on a particular day, within the time covered by the indictment, on approaching an old dilapidated mill-house, he found the defendant and two other persons there holding cards in their hands, evidently engaged in a game which was interrupted by his approach, his own son running away as he came up. Another witness for the State, one Chapman, testified that on one occasion he had seen several persons at the old house with cards in their hands, and "often saw people going in that direction;" that he "did not know what they went to the house for, but knew what he went there for." It was proved, also, that the house "was situated about a quarter of a mile from the town of Holywood, near a small woodland, and near the railroad; that the machinery had been removed from it several months before, and it was not used for any purpose at the time of the alleged offense."

On this evidence, the defendant asked the following charges in writing, and duly excepted to their refusal: (1.) An out-house where people resort, is an out-house where persons frequently or habitually resort, and not a place where persons go once, or only occasonally; and the jury must believe, beyond a reasonable doubt, that such was the character of the house,

[Downey v. The State.]

before they can convict under that clause of the statute."
(3.) "The fact that persons had resorted to the place twice,
would not constitute it an out-house where people resort, un-
less the jury believe from the evidence, beyond a reasonable
doubt, that there were more such visits." The refusal of these
charges is the only point reserved.

VIRGIL BOULDIN, for appellant, cited *Swallow v. State*,
20 Ala. 30; *Bythwood v. State*, 20 Ala. 47; *McDaniel v.
State*, 35 Ala. 390; *Cain v. State*, 30 Ala. 534.

WM. L. MARTIN, Attorney-General, for the State, cited *State
v. Norwood*, 19 Texas, 102; *Wheelock v. State*, 15 Texas, 260.

CLOPTON, J.—The charges asked by defendant, and refused
by the court, raise the question, what circumstances are re-
quisite to constitute " an out-house where people resort," in
the meaning of section 4052 of the Code. The first instruc-
tion affirms, that an out-house where people resort, as used in
the statute, " is an out-house where persons frequently or habit-
ually resort, not a place where persons go once, or only occa-
sionally." The case of *Swallow v. State*, 20 Ala. 30, by the use of
the word *habitually*, apparently lends support to the proposition
of the charge, but does not really, when it is observed that the
question before the court was, whether a vacant store-house in
a town, which was commonly kept locked, was an out-house,
not its character as a house of resort. This is shown by com-
paring with the evidence the charge to the jury—"if they
believe the evidence, said house was an out-house, and that if
they believe people resorted there for the purpose of playing
cards, they must find the defendant guilty." This charge, on
appeal, was held to be correct, and the question properly sub-
mitted to the jury, the only evidence in this regard being that
persons had been seen playing cards in the house once or
twice, and that one of the times was when the accused played.
    It is difficult, if not impracticable, to lay down any fixed and
definite rule as to when, and under what circumstances, an
out-house becomes one where people resort. The evil to the
suppression of which the statute is directed, is playing any
game with cards or dice, or any device or substitute therefor,
at places where unwary persons might, or probably would be,
enticed or tempted to engage in the alluring and pernicious
practice of gaming. The legislature, having in view the pro-
tection of the public morals, not only prohibited gaming at
several specified houses, public in themselves, but, to more
effectually restrain the evil example, superadded, " or in any

public house, highway, or in any other public place, or any out-house where people resort." Such construction should be given the terms employed as will effect the legislative purpose and policy. The phrase, "any out-house where *people resort*," was evidently used and intended to designate a house or place not included in any of the preceding terms; a house or place not strictly public, nor made public temporarily. However, to bring it within the mischief which the statute proposes to suppress, it must partake of publicity to some extent, a publicity defined by the qualifying words, "where people resort."

The only definite rule established by our decisions is, that parties going once to an out-house, for the purpose of playing cards, does not, in the absence of proof that they or other persons had gone before, for such or any other purpose, constitute such house an out-house where people resort, within the meaning of the statute.—*Cain v. State*, 30 Ala. 534. There is no decision in this State, attempting to fix the number or frequency of the occasions, or the sufficiency of one occasion, if there are persons present other than the participants in the game. In Texas there is a similar statute, in which the same terms are employed. Construing the statute, the Supreme Court, holding, as in *Cain v. State*, *supra*, that once going, no one being present but the parties themselves, is insufficient, also held, that if the parties go on more than one occasion, or if more persons are present on one occasion than those who go for the purpose of playing, this is sufficient to bring the out-house within the statutory description of an out-house "where people resort." It is said: "But, as it is impossible to say with precision how many more occasions than one, or persons than those who go for the purpose of playing on one occasion, shall be sufficient, if it might be fairly inferred from the evidence that the house had been resorted to for such a purpose on any other occasion, or that on the particular occasion there had been one person present besides the parties concerned, it might well be held, that the evidence was sufficient to warrant the verdict, and make the conviction right."

Tho purposes of this case do not require us to declare any rule in respect to the sufficiency of one occasion, when there are present others than those participating in playing, or the number who must be present. Unless there can be found in the statute itself some reason for restraining or qualifying the general words, they must receive a general construction, and are not to be restrained by judicial addition or curtailment. The construction that, in order to bring an out-house within the statutory description, the resort must be frequent or habitual, requires the interpolation of qualifying or modifying

[Tinker v. The State.]

adjectives not used, and for which no reason exists in the statute. On the contrary, a construction, that a resort by the same or different parties to an out-house, for the purpose of playing cards, on more than one occasion, may constitute it "an out-house where people resort," within the meaning of the statute, will more effectually subserve the suppression of the evil example proposed by the statute. An out-house to which people may and do resort at pleasure, for the purpose of gaming, though it may be only occasionally, comes within the statutory prohibition.

Affirmed.

| 90 | 647 |
|----|-----|
| 91 | 52 |
| 91 | 63 |

| 90 | 647 |
|-----|-----|
| 132 | 32 |

