# Downey *v.* The State.

*Indictment for Gaming.*

1. *Betting at cards in an outhouse where people resort; sufficiency of evidence to sustain the charge.*—On a trial under an indictment for betting at a game played with cards in "an outhouse where people resort," evidence that the playing took place in a "storehouse" not used for any ostensible purpose, and that various people had played cards in the building at different times, is sufficient to sustain the charge that the building was "an outhouse where people resort."

2. *Examination of defendant as a witness; improper question.*—On a trial under an indictment for gaming, where the defendant testifies as a witness in his own behalf, a question on cross-examination, "You have followed this business [gambling] for a livelihood for a long time?" is improper and incompetent; and is so patently and palpably objectionable that a general objection to such question should be sustained.

3. *Evidence; objections thereto; how reserved.*—An objection to testimony must be addressed to the questions when propounded, and if not interposed until after answer, which is responsive to the question, the objection is properly overruled; since a party can not speculate on the answer of a witness, and claim the benefit of it if favorable, and discard it if prejudicial to him.

[Downey v. The State.]

4. *Trial and its incidents; argument to jury.*—On a trial under an indictment for gaming, where, although there was no evidence that the State's witness volunteered his testimony, the counsel for the defendant in his argument criticized the action of such witness "for giving away his companions in the game," and the solicitor in reply to the argument of defendant's counsel stated that the witness had not volunteered his testimony but had appeared in answer to a summons, any error in the solicitor's statement was cured by the court's stating, upon defendant's objection, that it was improper; and it was not necessary that the court should have compelled the solicitor to have withdrawn the statement made by him.

5. *Same; same.*—On a trial under an indictment for gaming, where the defendant as a witness in his own behalf and another witness examined by him testified to substantially the same facts, the statement by the solicitor in his closing remarks to the jury, "I expect gamblers are bound together, and I expect they take an oath to stand by each other," being merely the expression of belief or opinion, and not the statement of a fact, does not transcend the limits of legitimate argument, and the court's refusal to exclude such statement does not constitute reversible error.

6. *Betting at cards at an outhouse where people resort; charge to the jury.*—On a trial under an indictment charging the defendant with having "bet at a game of cards played at an outhouse where people resort," a charge which instructs the jury that the house where the game was played must be one standing "aloof" from occupied houses, is properly refused; since an outhouse within the meaning of the statute can be any house not used for a dwelling or business purposes, and it is not necessary that it should be standing off or at a distance from other houses, which the word "aloof" implies.

APPEAL from the City Court of Bridgeport.

Tried before the Hon. S. W. TATE.

The appellant was indicted, tried and convicted for betting at a game of cards at "an out-house where people resort." The facts of the case showing the rulings of the court, upon the present appeal, are sufficiently stated in the opinion.

The court, at the request of the State, gave to the jury the following written charge : "An unoccupied storehouse, if resorted to by persons for the purpose of playing cards, comes within the provisions of the statute against playing cards at an outhouse were people resort, and it would not be material whether such house was kept locked by the owner." To the giving of this charge the defendant duly excepted ; and also separately excepted to the court's refusal to give each of the following

[Downey v. The State.]

written charges requested by him : (1.) "A house to be an outhouse within the statute is a house standing aloof from other houses unoccupied and where the public can enter to play cards, and it must be shown that they have entered and played on more than one occasion before it can be said to be an 'outhouse' where people resort." (2.) "The law does not require the jury to find that Blancett has sworn falsely, in order to acquit the defendant. No law says that it is the duty of the jury to reconcile the evidence so as to make every witness speak the truth, if they can reasonably do so, and if they can not so reasonably reconcile it, and are reasonably in doubt as to whether or not Blancett has sworn the truth, they should acquit the defendant." (3.) "A house to be an 'outhouse' within the statute against gaming, must be an unoccupied house standing aloof from occupied houses, where the public may obtain ingress and egress at liberty, and where persons have gone on more occasions than one to play cards." (9.) "If the jury believe the evidence in this case they should find the defendant not guilty." (10.) "Something more is necessary in gaming cases to make a house an outhouse within the statute, than that it is unoccupied and stands aloof from other houses."

J. E. Brown, for appellant.—The question asked the defendant by the solicitor on cross examination was improper, and should have been overruled.—*Clarke v. State,* 78 Ala. 474 ; *Clarke v. State,* 12 Ala. 492 ; *Roquemore v. State,* 19 Ala. 528 ; *Burdine v. State,* 25 Ala. 60 ; *Spicer v. State,* 69 Ala. 159 ; *Sylvester v. State,* 71 Ala. 17.

The statements made by the solicitor in his argument to the jury to which exceptions were reserved were improper, and should have been excluded— *Wolffe v. Minnis,* 74 Ala. 389 ; *Scott v. State,* 110 Ala. 53 ; *Hundley v. Chadick,* 109 Ala. 582 ; *Anderson v. State,* 104 Ala. 87 ; *Dollar v. State,* 99 Ala. 237 ; *Jackson v. Robinson,* 93 Ala. 158 ; *E. T. V. & Ga. R. R. Co. v. Bayliss,* 75 Ala. 470 ; *Cross v. State,* 68 Ala. 483 ; *Sullivan v. State,* 66 Ala. 51 ; *Nuckols v. State,* 109 Ala. 4.

William C. Fitts, Attorney-General, for the State.— The objections to the evidence were, in many instances,

general, and were, therefore, properly overruled.—*Gunter v. State*, 111 Ala. 23.

The charges requested by the defendant were properly refused—*Wheelock v. State*, 15 Texas 253 ; *Pickens v. State*, 100 Ala. 127 ; *Downey v. State*, 90 Ala. 644 ; *Downey v. State*, 110 Ala. 99.

COLEMAN, J.—The defendant was convicted for betting at a game played with cards at "an outhouse where people resort." The evidence showed that the playing took place in "a storehouse" not then used as a house for business, or any ostensible purpose. There was no error in admitting the evidence of the various witnesses, who testified to playing cards with the defendant in the building at different times. This evidence was competent to sustain the charge, that the building was an outhouse where people resort. The defendant testified as a witness in his own behalf. On cross-examination he was asked by the solicitor, "You have followed this business [gambling] for a livelihood for a long time?" Counsel for the defendant objected to the question, and the objection was overruled. The objection is general, and as a general rule, such objections are unavailable, as the trial court is not bound to "cast about" for the reasons to maintain the objection ; but when the evidence is patently objectionable and illegal, a general objection may be sufficient. The only purpose of such evidence was to affect the character or reputation of the defendant, and prejudice him before the jury ; or as tending to show, that the defendant was guilty on the particular occasion as charged, from the fact that he gambled for a livelihood. The objection was well taken and should have been sustained.

As to the other exceptions to the admissions, the objections were general, and the general rule we have stated is applicable. Moreover, in some instances there does not seem to have been any objection to the question, but only to the answer. A party cannot speculate on the answer of a witness, responsive to a question, and claim the benefit of it, if favorable, and discard it if prejudicial.

In the argument for the defense, counsel criticized the action of the State's witness "for giving away his com-

[Downey v. The State.]

panions in the game." There was no evidence to show, that the witness was a voluntary witness for the State— in fact, there was no evidence either way. In reply to the argument thus made, the solicitor stated, that the witness had not volunteered his testimony, but had appeared in answer to a summons. Upon objection, the court stated, that the reply of the solicitor was improper, and withdrew the statement from before the jury. Appellant's counsel insist that the court should have compelled the solicitor to have withdrawn it. We are of opinion the appellant received as much consideration as he was entitled to.

The solicitor in his closing remarks, stated: "I expect gamblers are bound together, and I expect they take an oath to stand by each other," to which the defendant excepted. It will be seen that the statement was a mere expression of belief or opinion, and not the statement of a fact, which the rule forbids. We presume also the statement was made with reference to the testimony of the defendant, and of the witness Martin, who was then under indictment for betting at the same place, to the effect, that they knew of but a single game played at this house, whereas there was testimony of other witnesses, to the effect that they had seen the defendant and Martin and others playing cards there and betting on several other occasions. We are of opinion that the declaration of the solicitor, under the circumstances, does not require a reversal of the cause on this account.

The word "aloof" used in the charges requested by the defendant, were calculated to mislead the jury. An "outhouse" is one not used for a dwelling or business purposes. It may be adjacent to other houses. Although "aloof" may mean "separate" or "apart" from other houses, it also carries with it the meaning of "standing off," "at a distance," which is not necessary to constitute an outhouse where people resort. The law as to "an outhouse where people resort," has been sufficiently construed, and we find no error in the ruling of the court upon instructions given or refused to the jury. See *Downey v. The State*, 90 Ala. 644; *Ib. v. The State*, 110 Ala. 99; *Pickens v. The State*, 100 Ala. 127.

For the error pointed out the judgment must be reversed.

Reversed and remanded.