## ANNIE E. MILLER *vs.* RICHARD H. ADDISON.

*Negligence—Horse Frightened by Steam Traction Engine on Highway.*

Code, Art. 27, sec. 259, requires that every traction engine when propelled by steam upon any public road shall be accompanied by at least two men whose duty it shall be so to conduct the engine as to cause as little harm as possible to horses on the road and to render all reasonable assistance to persons driving, and to keep the engine stationary when a horse is alarmed by it. Plaintiff's wife was driving a dog cart on a highway when her horse became frightened by the noise of defendant's steam traction engine which was being propelled along an intersecting road about one hundred yards distant. In consequence of the fright the horse ran away and caused the injury for which this action was brought. Plaintiff's evidence was that the horse was gentle and saw the engine which frightened it ; that there was no one in advance; that plaintiff's wife called to the man in charge of the engine for assistance but they gave none and did not stop. *Held,* that the evidence was legally sufficient to authorize the jury to find that the injury was caused by the negligence of defendant's agents.

Appeal from the Circuit Court for Howard County (JONES, C. J., and REVELL, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, J.J.

*Alex. Kilgour* (with whom was *E. C. Peter* on the brief), for the appellant.

No appearance for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellee brought a suit against the appellant in the Circuit Court for Montgomery County to recover for the loss of services of his wife and injury to a horse and buggy resulting from the running away of the horse, while being driven by the wife along one of the turnpikes of the county. The accident is alleged to have been caused by the fright of the horse from noise of escaping steam and from the propul-

sion of a traction steam engine being carried along a public highway called the Chaney road, leading from the Columbia road to the Ashton and Columbia turnpike, and owned by the defendant.  The case was removed to the Circuit Court for Howard County, and on trial before a jury, resulted in a verdict for the plaintiff, and the defendant has appealed from the judgment, entered thereon.

The questions in the case are narrow and relate solely to the ruling of the Court upon the defendant's rejected prayers. By the defendant's first and second prayers the Court was asked to rule as a matter of law, that there was no evidence legally sufficient to show that the injury was caused by the negligence of the defendant or her servants.  The seventh and eighth prayers submitted the proposition that the defendant had the legal right to operate her engine on the public highway, provided due care and diligence were used and exercised in so operating it, and if the jury believed that the engine was so used, their verdict must be for the defendant. These prayers were rejected, and form the basis of the appeal.

The defendant's third prayer, which was granted by the Court, ruled that the burden of the proof is upon the plaintiff to show that the injury complained of was caused by the negligence of the defendant or her agent, and unless the plaintiff shall so satisfy the jury by the preponderance of proof, their verdict must be for the defendant.

If there was evidence then legally sufficient to be left to the jury, the defendant cannot complain of the Court's ruling, because the law was properly submitted by her third prayer, and as granted contained the whole law of the case.

The first point for us to determine, as raised by the first and second prayers, is whether the evidence was legally sufficient to be submitted to the jury, to show negligence on the part of the defendant to warrant a recovery by the plaintiff. This question is usually presented in every damage case, and it has been so often and so recently passed upon by us that we do not deem it necessary to refer to the cases establishing the rule upon the subject.   It is well settled law that if there

is no evidence legally sufficient to entitle a recovery, the Court will so instruct the jury, and withdraw the case from its consideration.   On the other hand if there is any evidence from which a jury can reach a conclusion, or, as the rule is stated, "if a rational mind can fairly deduce the conclusion sought to be established by the evidence," it becomes the duty of the Court to submit the case to the jury.   Each case however must necessarily be determined upon its own facts.   The statute, Code, Art. 27, sec. 259, requires that every traction engine when propelled by steam upon or over any public road in the State, shall be accompanied by at least two men, whose duty it shall be to so conduct the engine as to cause as little harm as possible to horses, ridden, driven or led upon such road, and to render at all times all reasonable assistance to persons so driving or leading horses upon such road.   By the 260 section of the same Act, it is declared to be the duty of the person in charge of the engine, at the signal or request of any person driving a horse attached to a vehicle, or at the indication of a horse becoming alarmed by the engine   *   *   * and to remain stationary until the horse has passed, and to make as little noise as possible with the steam.

The evidence upon the part of the plaintiff is to the effect that the plaintiff's wife was, on the 16th of July, 1895, the day of the accident, driving a horse attached to a dog-cart along one of the turnpikes of the county, and when within a short distance of what is called the Chaney road, and within thirty yards of where it intersects with the turnpike, the horse became frightened by the noise of a traction engine owned by the defendant, and being propelled by steam along the road, ran away and caused the injury for which this suit was brought.   At the time of the accident the engine was on the Chaney road and about from 75 to 110 yards from the intersection of the road with the turnpike.   There was no one in advance of the engine or stationed at the intersection of the roads.   Mrs. Addison testified that while passing the intersection of the two roads, her horse became unmanageable, and as she passed she waved her hands and called to the men in

charge of the engine for assistance, but they gave none and did not stop the engine.

There was testimony that the horse was gentle and well-broken to harness, and that she had frequently driven him; that the engine could have been seen from the point the horse became frightened, and where it backed into the fence.

The defendant's witnesses testified that a man was preceding the engine at the time of the accident for the purpose of warning travellers of the approach of the engine, and was within eight or nine yards of the intersection of the roads; that the engine could not have been seen at the point where the horse began to run on account of the corn in the field; that the engine was being propelled by steam, and was being handled with proper care and caution.

Now without prolonging this opinion by an analysis of the evidence, we think it was legally sufficient to have been submitted to the jury, and the Court committed no error in rejecting the defendant's first and second prayers.

The plaintiff's wife in travelling the public highway was in the exercise of a lawful right, and the duty rested upon the defendant in moving the traction engine from place to place over the public highway to act with a due regard for the rights and safety of persons who travel upon the public roads. The law imposes this duty for the safety of the public, and if persons are negligent and careless in the exercise of an employment such as the defendant was engaged in on the day of the accident, and injury results therefrom, they will be required to respond in damages or be subject to the penalty imposed by the statute in such case made and provided.

There was conflict in the testimony in the case, and it was not the duty of the Court to decide on the comparative weight, or upon the preponderance of evidence.

Finding no error in the rulings of the Court that will justify a reversal, the judgment will be affirmed.

*Judgment affirmed with costs.*