# Keeble *v.* The State.

### Assault with Intent to Murder.

(Decided January 20, 1916.   Rehearing denied February 5, 1916.
70 South. 971.)

1. **Appeal and Error; Dismissal; Delay in Filing Transcript.**—Where it appears that the delay in filing the transcript was due to the serious illness of defendant's counsel, an appeal in a criminal case will not be dismissed because of one day's delay in filing the transcript with the clerk of the Court of Appeals.

2. **Bill of Exceptions; Presentation; Signing; Striking.**—Where it appears that the bill of exceptions was presented to the trial judge on the 90th day from the date of the judgment, the bill of exceptions will not be stricken because not filed within the time of the statute.   (§ 3019, Code 1907.)

3. **Trial; Reception of Evidence; Motion to Strike.**—A party will not be permitted to speculate upon what a witness will say, and then move to have it excluded after he finds his testimony detrimental; hence a motion to exclude testimony elicited by a defendant, or which he permitted to be elicited without objection, is properly. overruled.

4. **Appeal and Error; Harmless Error; Evidence.**—Where a person was convicted of an assault with intent to murder, error will not be predicated on the admission of evidence that the knife of the assaulted person was in his pocket, and was taken therefrom after the difficulty, and given to a third person, defendant having introduced evidence to show that 'the person assaulted had a knife in his hand when defendant struck him; it not appearing from the record how soon after the difficulty, or how far from the place of the difficulty the transaction testified to, occurred.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Emmet Keeble was convicted of an assault with intent to murder, and appeals. Affirmed.

The facts sufficiently appear from the opinion. Dr. Bonner was recalled by the state and asked the following question: "Did you see any one, or did you yourself, take a knife out of Charley Foster's pocket that day after he was up there at his home after the difficulty with Mr. Keeble?"

Over the objection of defendant, the court permitted the witness to answer: "Some of the boys took one out of his right pocket."

The affidavit of defendant's counsel showed that the trial was held during the month of August, 1915, and that he request-

ed the clerk of the circuit court to prepare the transcript at once, but that the clerk failed to do so until November, 1915, whereupon the clerk sent it by mail to the attorney at a time when said attorney was dangerously and seriously ill, and confined to his bed, and disabled by said illness from considering or attending to the same, and that after his recovery he was informed of the sending of the transcript, which during his illness had been mislaid by some member of his faimily, and was not found until the latter part of December, 1915, and in January, 1916, he examined the same, delivered it to the clerk of the court, with the request that it be forwarded to the clerk of the Court of Appeals. It was filed in the office of the clerk of the Court of Appeals on January 11, 1916; the judgment having been rendered February 24, 1915. The indorsement of the court shows the filing of the bill with him on May 24, 1915.

STELL BLAKE, for appellant. W. L. MARTIN, Attorney General, for the State.

BROWN, J.—(1) On the showing made by appellant that his counsel was seriously ill, and that his illness occasioned a delay of only one day in filing the transcript with the clerk of this court, the motion to dismiss the appeal is overruled.

(2) The bill of exceptions was presented to the trial judge on the ninetieth day after the rendition of the judgment, and therefore within the time allowed by the statute.—Code 1907, § 3019. The motion to strike the bill of exceptions is therefore overruled.

(3, 4) After the defendant offered evidence tending to show that Foster, the person assaulted, had a knife in his hand, with which he was making an assault on defendant, when defendant struck him with an axe handle, the state recalled Foster, who testified without objection that he had a knife at the time he was assaulted by the defendant; that the knife was in his pocket, and after the difficulty it was taken from his pocket by Ed Lawler, and Lawler gave the knife to Dr. Bonner. In response to a question of defendant's counsel, the witness stated that this occurred at the home of Foster. Thereupon the defendant made motion to exclude this testimony, which was overruled.

The ruling of the court may be justified on two grounds: First, it has been repeatedly ruled that a party may not specu-

[Studdard v. The State.]

late as to what a witness will say, and, after he finds that his testimony is detrimental, have it excluded (*Hudson v. State*, 137 Ala. 64, 45 South. 854; *Downey v. State*, 115 Ala. 108, 22 South. 479) ; second, it does not appear from the record how soon after the difficulty this transaction occurred, nor how far away from the place of the difficulty. For all that appears, the occurrence may have been immediately after the difficulty, and in such close proximity thereto as to make it a legitimate and material fact shedding light on the matter at issue. Furthermore, the evidence tends to show that Foster was seriously injured, and, for all that appears, he was so seriously injured that he could not have closed his knife and placed it in his pocket after the difficulty.

For the reasons last assigned, we are not able to say that the testimony of Dr. Bonner, given when recalled in rebuttal, was erroneously admitted.

We find no error in the record, and the judgment is affirmed. Affirmed.