# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Radnor Township v. Bell, Appellant.

*Automobiles—Regulation by ordinance—Townships of the first class—Speed —Acts of April 28, 1899, P. L. 104, and April 23, 1903, P. L. 268.*

A township of the first class has the power under the Act of April 28, 1899, P. L. 104, to enact an ordinance fixing a maximum rate of speed for automobiles and bicycles of ten miles an hour; and this power is not suspended by reason of the Act of April 23, 1903, P. L. 268, which permits to automobiles a maximum speed of twenty miles per hour outside of cities and boroughs.

An ordinance of a township of the first class provided as follows: "That on and after May 5, 1902, all automobiles and bicycles shall be propelled upon the public highways of said Radnor Township at a speed not exceeding ten miles an hour." *Held,* that the ordinance was not void as being "insensible in form and wording," or as being unreasonable.

Argued Nov. 23, 1904.   Appeal, No. 100, Oct. T., 1904, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1903, No. 93, dismissing certiorari in case of Radnor Township v. Samuel Bell, Jr.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Certiorari to judgment of a justice of the peace.

From the record it appeared that the defendant was convicted of violating the following ordinance:

" AN ORDINANCE TO FIX THE SPEED AT WHICH AUTOMO-
BILES AND BICYCLES ARE TO BE PROPELLED UPON THE PUB-
LIC HIGHWAYS.

" Section I.   The Board of Commissioners of Radnor Town-
ship, Delaware County, Pennsylvania, do ordain, That, on
and after May fifth, Nineteen Hundred and Two (1902), all
Automobiles and Bicycles shall be propelled upon the public
highways of said Radnor Township, at a speed not exceeding
ten miles an hour.

" Section II.   That if any such Automobile or Bicycle
should cause any horse or other animal which is ridden or
driven upon said highway to frighten, the driver of such auto-
mobile or bicycle shall immediately come to a full stop, and re-
main so until such horse or other animal has safely passed said
automobile or bicycle.

" Section III.   That every driver of Automobiles or Bicycles
violating this Ordinance shall be punished by a fine of Ten
Dollars ($10.00) upon conviction for the first violation thereof;
by a fine of Twenty-five Dollars ($25.00) upon conviction for
the second violation thereof; and by a fine of Fifty Dollars
($50.00) upon conviction for the third violation thereof; and
by a fine of Fifty Dollars ($50.00) upon conviction for each
subsequent violation thereof; to be collected according to law,
before any Justice of the Peace.

" Section IV.   That all Ordinances or parts of Ordinances
inconsistent with the provisions of this Ordinance, be, and the
same are, hereby repealed.

" Approved this Monday, April Twenty-eighth, Nineteen
Hundred and Two (1902).

                        " (Signed)         JOHN P. WOOD,
" Attest                                   " Vice-President.
     " F. A. CANIZARES,
             " Secretary."

The court, in an opinion by JOHNSON, J., dismissed the certi-
orari and affirmed the judgment of the justice of the peace.

*Error assigned* was the judgment of the court.

*Ellis Ames Ballard*, with him *Rufus E. Shapley*, for appel-
lant.—No power is granted under the act of 1899, and its sup-

plements, to commissioners of townships of the first class to regulate the rate of speed of travel upon highways.

Even if the subject is one which the township might regulate in default of state legislation, the fact that the state has legislated on the subject takes away any implied power which might otherwise vest in the township, and, therefore, supersedes and suspends the township's enactment.

Even if the power to legislate on this subject has been vested in the township and remains in it co-ordinately with the general government, the present ordinance is illegal and void (*a*) because it is in form and wording insensible and impossible of enforcement and (*b*) because in effect it is unreasonable.

*William I. Schaffer*, with him *Charles F. Da Costa*, for appellee.—The ordinance in question is an exercise of the police power, by a municipal division of the state, conferred upon it by the very act of its creation. No express words are necessary to grant to a municipal corporation possessing legislative functions the police power: Sayre Borough v. Phillips, 148 Pa. 482; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355 ; Com. v. Penna. Canal Co., 66 Pa. 41 ; Phila. v. Brabender, 17 Pa. Superior Ct. 331; Lower Merion Twp. v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306.

The subsequent legislation by the state did not render the township enactment of no effect: Cooley's Constitutional Limitations, 5th ed., 241.

OPINION BY ORLADY, J., December 12, 1904:

The defendant was convicted of violating an ordinance regulating the speed of automobiles in Radnor township. The court below dismissed exceptions filed to the record of the justice of the peace before whom the defendant was convicted, and affirmed the judgment. The defendant appealed and urges that the Act of April 28, 1899, P. L. 104, does not confer any power upon this township to regulate the speed of vehicles upon its highways, or, if it did, such power was suspended by the Act of April 23, 1903, P. L. 268, and further that if the township had the power asserted by it, then the ordinance in question " is void because it is insensible in form and wording and is unreasonable."

It is conceded that the township of Radnor is a township of the first class, created under the provisions of the act of 1899, which has been held to be constitutional in its general scope: Commonwealth v. Blackley, 198 Pa. 372. The reason for this enactment is declared in its preamble to be " Whereas in those more populous townships of the Commonwealth, which are in large measure devoted to residential purposes, there is need of a form of municipal government having greater powers than are now possessed by the local governments of townships under existing laws." It provides that the board of township commissioners shall have particularly the following powers : By sec. 1, " to open, grade, construct, and pave all public highways in the township, . . . . and to keep the same in good order and repair," and by sec. 9, it is made their duty " to cause all public highways to be effectually opened and constantly kept in repair at all seasons and clear of all impediments to easy and convenient passing and traveling." By sec. 4, " to abate nuisances prejudicial to the public health and public safety, and to collect the cost of such abatement," etc. By sec. 5, " to establish and maintain a police force and to define the duties of the same, . . . . and generally to take all needful means for securing the safety of persons and property within the township ; to adopt by-laws and ordinances prescribing the manner in which the above powers shall be carried out, and to prescribe fines and penalties for violation of ordinances."

The state legislature has, beyond question, the power to provide for the construction and maintenance of the public highways, whether streets in cities and boroughs, or roads in townships, and it has as full and clear power to provide regulations for their use. It must also be conceded that this power may be delegated without diminution to a local municipality. By which the state imparts to its creature, the municipality, the powers necessary to the performance of its functions and to the protection of its citizens in their persons and property : Sayre Borough v. Phillips, 148 Pa. 482. A municipal corporation has for its objects the interests, advantage, and convenience of the locality and its people. It is a local government possessing powers of legislation, within its delegated or reasonably implied powers, and is charged with the general welfare of the people. When it undertakes that which does

not necessarily appertain to the municipality, it must have express power to do so, but the power is implied when it undertakes to do that which is necessary for it.    Such a corporation, organized for and entrusted with the local government of the people must of necessity possess great and varied powers.    See City of Williamsport v. Commonwealth ex rel. Bair, 84 Pa. 487 and White v. McKeesport, 101 Pa. 394.    The municipality is in a sense a trustee for the general public, and holds the highways for the use to which they have been dedicated.    The right in the public to use the highways is the right to use them for the purposes of travel and commerce, by any method not of itself calculated to prevent a reasonably safe use of the highway by others.

The rights of all travelers on the highway are reciprocal.    The law of the road requires that every man restrain the speed of his vehicle within such bounds as will not endanger others, considering the place and circumstances.    The roads are open and free to all on equal terms,—that is to all complying with the reasonable regulations of the duly constituted authorities.

The fundamental idea of a highway is not only that it is public, but that it is public for free and unmolested passage thereon by all persons desiring to use it,—all the inhabitants of the said township, and of all other good citizens of the commonwealth going, returning, passing and repassing, in, along, and through the highway.    The use of a highway is not a privilege, but a right, limited by the rights of others and to be exercised in a reasonable manner.    The reckless and immoderate driving of bicycles, automobiles, or any other device, not only violates good sense and a reasonable regard for the rights of others, but is a direct menace to life and property.

The introduction of automobiles (like that of traction engines, electric cars and bicycles), has been gradual; such a use does not become general in any locality within a short time, nor in all localities at the same time; and owing to their peculiar appearance and unusual manner of use, being often directed by unskilled and reckless operators, they frighten horses, and render the use of the public highways unsafe.

The experience of the public in being obliged to submit to danger from the immoderate speed of these vehicles, or abandon the best highways to their use, made a legislative

enactment to restrain their speed a necessity. Skill and sound judgment are alike required to manage a complicated and powerful machine of the character of an automobile, and the necessity for regulating their speed is increased by reason of their unusual appearance, great weight, uncertainty of control, and speed at which they may be driven.

The legislature, in order to preserve the rights of the public in the highways, and, through the powers delegated to them, the municipalities, have prescribed rules, the validity of which has been confirmed by numberless decisions, requiring the numbering of machines ; licensing the driver ; regulating the speed of vehicles ; restricting the time of having parades and processions ; setting aside certain parts for particular uses ; signaling by bells and lights ; regulating the weight and character of load, and many similar limitations ; each restriction having in view the welfare of the public, so that all may safely and sanely use the highways in the enjoyment of equal rights thereon.

The police power of the state is nothing more than the authority to compel all owners of property so to use it as not to injure others : Commonwealth v. Pennsylvania Canal Co., 66 Pa. 41 ; Commonwealth v. Vrooman, 164 Pa. 306. " This power is inherent in all forms of government and corresponds to the right of self-preservation in the individual ; upon it depends the security of social order, the life and health of the citizens, the comfort of an existence in a thickly populated community, the enjoyment of private and social life and the beneficial use of property, and it has been said by eminent writers to be the very foundation upon which our social system rests : " See Cooley's Const. Lim. p. 241, 5th ed. ; Wilkesbarre v. Garabed, 11 Pa. Superior Ct. 355 ; Philadelphia v. Brabender, 17 Pa. Superior Ct. 331 ; s. c., 201 Pa. 574 ; Lower Merion Township v. Postal Telegraph Cable Co., 25 Pa. Superior Ct. 306 ; 2 Dill. Mun. Corps. 656 ; 1 Dill. Mun. Corps. 399 ; Elliott on Roads and Streets, pp. 327, 331, 614, 635 ; Burton v. Erie County, 206 Pa. 570.

By the Act of June 30, 1885, P. L. 251, certain regulations were enacted for the use of any machinery propelled by steam over any public road or highway, and it was held under that act that a traction engine could be so used on a public road as

to make its operators liable to indictment for maintaining a public nuisance.   At common law, any obstruction which unnecessarily incommodes or impedes the lawful use of a highway by the public is a nuisance.   It is common law and common sense that a man must use the highway in a reasonable manner and not interfere with its reasonable use by other citizens : Com. v. Allen, 148 Pa. 358.   If the continuous use of one such vehicle may be a nuisance, it is at least equally dangerous to the public safety to permit a number of automobiles, varying in size and design, to use the highways at an unrestricted speed, and the township authorities were justified in protecting the public by limiting the speed at which they should be propelled.

The townships of the first class have expended large sums of money in improving their highways ; the smooth surface and easy grades not only facilitate travel and commerce, but furnish a special and popular means for healthful exercise on horseback and in carriages.

The appellant's cause is not aided by the Act of April 23, 1903, P. L. 268, relating to automobiles or motor vehicles ; providing for the registration thereof ; regulating the speed limit upon the public highways within the commonwealth, etc., and prescribing that no person shall be allowed to use, operate, or drive any motor vehicle upon any of the public highways of the cities or boroughs at a speed greater than eight miles an hour, and outside cities or boroughs the rate of speed shall not exceed one mile in three minutes.   This statute is not in conflict with the ordinance before us, inasmuch as the preamble declares " it is of the utmost importance to the rights of the people of this commonwealth that the public highways of the cities, boroughs, counties and townships of the commonwealth shall be as free as practicable from the reckless use of dangerous motor vehicles ; " and the second proviso to the fifth section stipulates " that nothing in this section shall permit any person or persons to drive an automobile at a greater speed than is reasonable, regarding traffic, danger, or injury to property, at any time or at any place."

Some of the townships of the first class represent a larger population and the highways are more used than those of many boroughs.   We are not prepared to say that an ordinance limiting the speed of automobiles to ten miles an hour in such a

township is unreasonable when a lower rate of speed is prohibited by the legislature in less densely settled communities. The commissioners are prima facie the best judges of what is a reasonable speed for such a vehicle in Radnor township. No special fact is suggested in this record to show that ten miles an hour is not a reasonable limitation, nor that sixteen miles an hour—the rate at which the defendant was going when arrested—is a reasonable speed.

The first section of the ordinance is not skillfully drawn, but the words used are of plain and simple meaning; they refer to well-understood conditions. The rule of construction has not been improved since Blackstone said, 1 Comm. 59, "The fairest and most rational method to interpret the will of the legislator is by exploring his intentions at the time when the law was made, by signs the most natural and probable. And these signs are either the words, the context, the subject-matter, the effects and consequences, or the spirit and reason of the law." With this guide it is manifest that the first section declares it to be unlawful to propel an automobile upon the highways of Radnor township at a speed exceeding ten miles an hour.

None of the assignments of error are sustained, and the judgment is affirmed.