## Commonwealth *v.* Doughty, Appellant.

*Road law—Protection of roads—Traction engines—Prohibition of
cleats—Rules of county commissioners—Act of May 11, 1911, P. L. 344—
Constitutional law.*

1. A rule of county commissioners adopted under the authority
vested in them by the Act of May 11, 1911, P. L. 244, forbidding the
use of cleat or spiked-wheel traction engines on improved roads, is a
reasonable and proper regulation of the use of such roads, and will be
enforced by the courts.

2. The Act of May 11, 1911, P. L. 244, is constitutional.

Argued May 1, 1913. Appeal, No. 186, April T.,
1913, by defendant, from judgment of County Court
of Allegheny Co., April T., 1913, No. 187, on verdict
of guilty in case of Commonwealth v. Alvin Doughty.
Before RICE, P. J., HENDERSON, MORRISON, ORLADY,
HEAD and PORTER, JJ.   Affirmed.

Appeal from justice of the peace.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was in sustaining conviction of justice
of the peace.

*James J. Hogan,* with him *Alvar C. Purdy,* for ap-
pellant.—The act of May 11, 1911, is unconstitutional:

O'Neil v. Ins. Co., 166 Pa. 72; Kittanning Academy v. Brown, 41 Pa. 269; Parker v. Com., 6 Pa. 507; Locke's App., 72 Pa. 491; Frost v. Cherry, 122 Pa. 417; Scranton School Dist. App., 113 Pa. 176; Com. v. Denworth, 145 Pa. 172.

The county commissioners had no authority to make the rule in question: Com. v. Allen, 148 Pa. 358; Chicago v. Collins, 175 Ill. 445.

*A. B. Hay,* for appellee, cited: Radnor Twp. v. Bell, 27 Pa. Superior Ct. 1; Keeley v. Shanley, 140 Pa. 213.

Opinion by Orlady, J., October 13, 1913:

The Act of May 11, 1911, P. L. 244, by its second section provides, viz.: For the purpose of preventing unreasonable wear and destruction of public roads, improved and maintained by the several counties of the commonwealth, the commissioners of any county are empowered to adopt and prescribe reasonable rules, regulating and restricting the use of said roads within such county by means of any locomotion and to prescribe pecuniary penalties for the inforcement thereof, etc.

Pursuant to this authority the commissioners of Allegheny county, on July 24, 1912, formulated and adopted rules regulating the use of the improved roads in that county, which were duly recorded and published as provided for in the statute. Rule No. 7, is as follows: No one shall run or move a traction engine over the said improved county roads by the use of cleats or spikes on any wheel or wheels of said engine. When said engine is run or moved over the said roads the wheels of the same shall have a smooth surface.

The defendant was found guilty of two violations of this quoted rule—for running and moving his traction engine, by the use of cleats on the wheels, on two of the improved roads in the county. An appeal was allowed from the conviction before the justice of the peace,

by the county court of Allegheny county, and after a stipulation by counsel had been filed, that the jurisdiction of the court to pass on all matters raised by the appeal was waived, a full hearing was had, testimony taken, findings of fact and conclusions of law filed in writing, and the defendant was adjudged guilty, when a fine of $50.00 and costs was imposed in each case.

It was conceded that the road involved was of the grade, style and character designated as an improved road, it having been constructed under the provisions of the Act of June 26, 1895, P. L. 336, and was maintained as a public highway of said county, and subject to the control and supervision of the county commissioners, as well as that the defendant did use his traction engine thereon having cleats on its wheels.

The court found as facts, that the cleats on the traction engine were unreasonably injurious to the improved highway, and that the enforcement of the rule forbidding the use of traction engines similar to that of the defendant, with cleats on the wheels, would exclude such engines from the use of the improved roads. The Act of June 30, 1885, P. L. 251, prescribes the manner in which machinery propelled by steam may be moved upon a public highway. The character or construction of that machinery is not defined or described. At the time of its enactment there were few if any of the modern improved roads in use in this state. Within the past quarter century the whole system of road making and maintenance has been changed to meet the demands of modern traffic; substantial and drained foundations are now universally specified with crowned, uniformly hard, smooth surfaces; all being done in the interest of durability, economy and to facilitate the movement of trade and travel.

The Act of May 11, 1911, P. L. 244, was the legislative will on this subject of development of our highway system and was in force when this defendant was convicted, and by it there is a special delegation of au-

thority to the commissioners of the county "To adopt and prescribe reasonable rules regulating and restricting the use of said roads."

It appears from the record that there are about 400 miles of this style of road in Allegheny county, costing many millions of dollars. It cannot be denied that the cleated wheels of a heavy traction engine seriously indent and injure the surfaces of the improved roads: and in order to preserve them from present injury and ultimate destruction it is but reasonable and necessary that limitations and restrictions in regard to weight of load, style of wheel, tread, gauge, etc., should be promulgated by the proper authorities. It is easy to conceive of an engine of such proportions and design that would permanently destroy any ordinary roadbed or bridge over which it would pass. If such a reasonable rule as is involved here, causes a hardship or inconvenience to a few persons it may be a personal misfortune, but the benefits accruing to the general public in securing permanent and safe highways for public use are of much greater importance, and it would be unreasonable and inequitable to permit a very limited class of traffic to use the roads in such a way as to destroy them for use by others. The county is in a sense the trustee for the general public and holds these improved highways under the statute providing for their construction for the use to which they have been dedicated, just as a borough or city is a like trustee in the control of its streets. The right in the public to use the highways is the right to use them for the purpose of travel and commerce by any method not in itself calculated to prevent a reasonably safe use of the highway by others. In Radnor Township v. Bell, 27 Pa. Superior Ct. 1, we held that a township of the first class had the power, under the Act of April 28, 1899, P. L. 104, to enact and enforce an ordinance fixing a maximum rate of speed for automobiles and bicycles, and that such an ordinance was not an unreasonable exercise of the police power by a municipal

division of the state, as it was conferred by the very act creating the township.

In Com. v. Allen, 148 Pa. 358, a conviction for maintaining a nuisance in using a traction engine to haul wagons loaded with stone and of great weight, was affirmed, the court saying: "The running of a traction engine over a public highway upon a single occasion would not constitute a public nuisance. The act of 1885, seems to regard such necessity and prescribes the conditions and manner in which machinery propelled by steam may be moved over a public road or highway. It was not intended to license the unrestricted use of steam upon the public highways of this Commonwealth."

There is nothing in the rules of the Allegheny county commissioners to prohibit the use of the improved roads by traction engines. They only regulate by reasonable restrictions the manner of such use, and the testimony in this case shows that their requirement of a flat wheel instead of one with cleats or spikes is feasible and not unreasonably expensive. By observance of such requirements the traction engine may be used and the public highway not endangered. The introduction of steam power engines on our public highways, like other improvements was gradual and they were adapted to the style of road then in use—the clay road or turnpike being the only ones used, and compared with other methods of transportation the traction engine is yet rare. It would be unreasonable to hold that these old style engines should determine the standard of excellence of the modern highway. In Com. v. Dennison, 48 Pa. Superior Ct. 293, this court said: "The right of one to use a public highway for travel or in the transportation of merchandise is not unrestricted. The use must be in a reasonable manner and consistent with its reasonable use by others having business thereon."

It must be treated as elementary law, that public roads are laid out and opened for the use of all persons on equal terms, that is, to all who comply with the

reasonable regulations of the duly constituted authorities. Primarily the duly constituted authority is the commonwealth, and its right acting through the legislature, to prescribe what may and what may not be operated upon the public highways of the state has never been challenged, and it is equally well settled that having such power the commonwealth may in its discretion delegate its authority either in whole or in part to its various municipal divisions. If the modern improved road will not stand the use of the old style cleat or spike-wheeled traction engine, the latter must yield, as it is of less importance to the public at large than the use of the highway by the traveling public. The enforcement of the rule will necessarily result in the design of a wheel which will serve the purpose of the owner of the engine and not destroy the highway. The commissioners had ample authority to formulate this rule and enforce it as a reasonable precaution to preserve the highways under their control.

The judgment is affirmed.