## Commonwealth v. Mishler.

*Automobiles—Violation of Automobile Act—Failure to display rear light—Intention—Act of June 14, 1923.*

1. Where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, want of knowledge of the fact or state of things contemplated by the statute will not excuse its violation.

2. Where an automobile fails to display at night "one red light on the rear thereof," as provided by the Act of June 14, 1923, P. L. 718, the driver may be convicted of a violation of the act, although he may allege and prove that such a red light was burning when he started on his journey, and that he had no knowledge that it had gone out.

Appeal from justice of the peace. Q. S. Somerset Co., May T., 1925, No. 127.

P. G. Cober, District Attorney, for Commonwealth.

R. R. Scott, for defendant.

BERKEY, P. J.—This is an appeal from the judgment rendered by a justice of the peace in a summary conviction under section 17 of the Act of June 14, 1923, P. L. 718, which provides, *inter alia:* "Every motor-vehicle . . . shall, . . . whether standing or in motion, display one red light on the rear thereof."

The fact is alleged by the prosecutor and admitted by the defendant that the defendant on April 4, 1925, operated an automobile after dark over the state highway between Somerset and Berlin, in Somerset County, without displaying one red light on the rear thereof, but the defendant and the companions in the automobile, when the defendant's car was discovered by the police officer, testified there was a red tail-light operating when the defendant left Somerset; that he had no knowledge of the fact that the light had ceased operating until required to stop by the officer.

The excuse offered and by means of which the defendant seeks to escape the penalty of the law is, that he committed no offence, as the failure to comply with the statute was no fault by him, but a result of defective mechanism in his lighting apparatus, of which fact he had no knowledge.

The statute governing this case is a police regulation. The police power of the state is nothing more than the authority to compel all owners of property to so use it as not injure others: Com. v. Pennsylvania Canal Co., 66 Pa. 41; Radnor Township v. Bell, 27 Pa. Superior Ct. 1, 6. It is a potential reality and embraces within its comprehensive grasp everything relating to the safety, welfare, health and comfort of the people of the Commonwealth: Com. v. Seiler, 20 Pa. Superior Ct. 260. These powers come fairly within the police regulation of the Commonwealth and extend to the protection of the lives, limbs, health, comfort and quiet of all persons and the protection of all property within the Commonwealth, and by which persons and property of all kinds bear restraints and burdens in order to secure the general comfort, safety and prosperity of the State; of the perfect right to do which no question was or, upon acknowledge general principles, ever can be made, so far as natural persons are concerned: Thorpe v. Rutland, etc., R. R. Co., 27 Vermont, 140.

It is clear that the section of the statute under consideration is proper legislation. It, therefore, remains for the court to give construction as to the effect of the statute governing the case. Guilty knowledge or guilty intent is in general an essential element in crimes at common law, but statutes providing police regulations in many cases make certain acts penal where this element is wholly disregarded: Com. v. Weiss, 139 Pa. 247, 250. The distinction is thus laid down by the authorities: that [for] want of knowledge of the

fact where the act if done knowingly would be *malum in se*, the actor is excused, because of his want of knowledge of the fact; but where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, want of knowledge of the fact or state of things contemplated by the statute will not excuse its violation: 1 Wharton's Criminal Law (11th ed.), §§ 108, 109, 110 and 111, pages 143 and 149; 3 Greenleaf on Evidence, § 21, page 23.

Now, following this rule, the court concludes, in view of the manifest purposes and design of the section of the statute, the legislature, from the language thereof, intended that the safety of life, limb and property on the public highway is [of] so great [importance] as to justify an absolute and indiscriminate prohibition, regardless of any intent or knowledge of the fact resulting in contravening the statute.

In Com. *v.* Seiler, 20 Pa. Superior Ct. 262, 264, it is said: "The first question involved, as stated by the defendant, is 'Whether a dealer in butter, having bought renovated butter as and for creamery butter, believing it to be creamery butter, and selling it as such in good faith, is liable under the Act of July 10, 1901, for not having taken out a license, it being his purpose not to engage in the sale of renovated butter and having no intention to deal therein or take out a license therefor or to violate the law.' Unlike many criminal statutes, the act in question does not make the intention of the violator of the law an ingredient in the offence. Whatever the defendant's belief may have been as to the butter which he bought, and whatever his intention as to taking out a license or violating the law, the jury has found that he sold renovated butter without a license and without observing the provisions of the statute in relation to such sale. This is all that is necessary to convict under the act, and the instructions of the court in regard to the belief or intention of the defendant, in view of the construction of similar statutes in Pennsylvania, was entirely correct."

In Com. *v.* La Bar, 32 Pa. Superior Ct. 228, the court declares: "We are of the opinion that the Commonwealth is not required to aver and prove that the defendant in the present case wilfully, maliciously and knowingly cut timber described in the indictment. If the defendant went upon the lands of the Commonwealth without authority and cut and destroyed growing timber he is liable to the punishment provided by the act, and it is immaterial what his intent may have been. This case is one of the class where the Commonwealth is not required to prove the guilty intent of the defendant. The statute forbade the act and the defendant was bound to know and obey the law. We consider the offence defined in the act in question, properly construed, came within the class of crimes discussed by the Supreme Court in Com. *v.* Weiss, 139 Pa. 247, wherein a guilty knowledge or criminal intent is not a necessary ingredient to support a conviction."

In Com. *v.* Weiss, 139 Pa. 247, Mr. Justice Clark, on page 252, speaking for the court, says: "In Massachusetts a statute declared that if any person should 'sell, keep or offer for sale adulterated milk' he should be punished, etc., and it was held that the penalty was incurred, although the sale was made without any knowledge of the adulteration, as when the seller had bought the milk for pure milk: Com. *v.* Farren, 9 Allen, 489; Com. *v.* Nichols, 10 Allen, 199. Upon the same ground, it has been held, and it is familiar law, that the statutes against selling intoxicating liquor are violated, although the vendor does not know that it is intoxicating: Com. *v.* Boynton, 2 Allen, 160; Com. *v.* Goodman, 97 Mass. 117; Com. *v.* Hallett, 103 Mass. 452. Where a statute imposed a penalty upon 'any person who shall sell or keep for sale

naptha under any assumed name,' a party charged with the offence was held to be guilty, although he was not aware that the article sold was naptha, but believed it to be some other oil: Com. v. Wentworth, 118 Mass. 441. So, where a party is charged with furnishing liquors to minors or for permitting a minor to play billiards in his saloon, he is not permitted to set up his ignorance of the minor's age to defeat the charge: Wharton's Criminal Law, § 2442, and cases there cited. In our own case, In re Carlson's License, 127 Pa. 330, Carlson, in a proceeding to revoke his liquor license under the Act of May 13, 1887, P. L. 108, 113, was charged with furnishing liquors to minors, in violation of the 17th section of the same act. He admitted the sale of liquors to the minors in question. His excuse was that their appearance indicated that they were of full age and that, as a precaution before selling, he asked their age and each responded that he was of full age; that he sold to them in good faith, fully believing them to be so. Under the Act of 1854, a necessary element to constitute the offence was that the sale should be wilful, but in the Act of 1887 the word 'wilfully' was omitted, and it was enacted 'that it shall not be lawful for any person, with or without license, to furnish by sale, gift or otherwise any spirituous, vinous, malt or brewed liquors at any time to a minor.' His license having been revoked, the case was brought here for review and the proceedings were affirmed. Chief Justice Paxson, delivering the opinion of the court, said: 'If we look into the opinion of the court for the facts, we find nothing to help the plaintiffs. From it we learn that the offence of which the plaintiffs in error were guilty was that of selling liquors to minors, and that the only excuse offered was that they did not know the persons to whom they sold were minors. This ignorance is not a sufficient excuse or justification under the act of assembly. If such a defence could be successfully interposed in such cases, there would be few convictions and the law would be nullified for all practical purposes. To the same effect are Com. v. Sellers, 130 Pa. 32; Com. v. Holstine, 132 Pa. 357, and Com. v. Zelt, 138 Pa. 615."

In view of the undisputed facts in the case, the language of the statute, its manifest design and purpose and the rules of construction applicable thereto, the court is constrained to hold that judgment must be entered against the defendant. Suffice it further to say, while the conclusion by the court may seem unduly severe, that concerning a similar ruling in Com. v. Mellet, 27 Pa. Superior Ct., 41, Rice, P. J., on pages 53 and 54, says: "This was a legislative question, and it is not within our province to set their judgment aside merely because we may believe that the provisions are unnecessary for the full accomplishment of that purpose or are unduly severe. 'The rule of law upon this subject appears to be that, except where the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights of the people of the state, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise and oppressive legislation within constitutional bounds is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil; but courts cannot assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of right, reason and expediency with the law-making power:' Cooley on Constitutional Limitations (7th ed.), ch. 7, § 4, page 232. This statement of the general doctrine, and others in the same connection, was quoted by the present Chief Justice, and many Pennsylvania cases sustaining it were

Commonwealth v. Mishler.

cited in Com. v. Moir, 199 Pa. 534. As was said by Mr. Justice Harlan in Powell v. Pennsylvania, 127 U. S. 678 (8 Sup. Ct. Repr. 992, 1257), so it may be said with equal appropriateness here: 'If all that can be said of this legislation is that it is unwise or unnecessarily oppressive to those manufacturing or selling wholesome oleomargarine as an article of food, their appeal must be to the legislature or to the ballot-box, not to the judiciary."

Now, June 23, 1925, for the reasons stated in the opinion herewith filed, it is ordered that judgment for the amount of the fine imposed by the justice of the peace, $10, be entered in favor of the Commonwealth, for the use of the State Highway Department, and against Samuel Mishler, the defendant, with costs; the defendant also to pay the costs of the proceeding on this appeal.

From Mrs. Daryle R. Heckman, Somerset, Pa.